UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>SIAOSILEPELENISE L. TUAIMALO,<br><br>                Defendant. | No.  CR-11-0184-EFS<br><br>**ORDER DENYING USAO'S MOTION TO RECONSIDER** |

    Before the Court, without oral argument, is the U.S. Attorney's Office's (USAO) Motion to Reconsider, ECF No. 209, in which the USAO asks the Court to revisit its decision to grant Defendant Siaosilepelenise L. Tuaimalo's Motion to Exclude Justin Beaudry as a Witness at Trial, ECF No. 204.  Defendant's motion sought to exclude Mr. Beaudry because the USAO did not disclose Mr. Beaudry's existence or its intent to call him as a trial witness until February 13, 2013, six days before trial.  As Defendant correctly observed, the Court instructed the USAO to "disclose its witness list for trial to the Defendant no less than ten (10) days prior to trial."  ECF No. 35, at 2.  The Court granted Defendant's motion to exclude Mr. Beaudry based on the USAO's failure to comply with this deadline.  The USAO now seeks reconsideration of that ruling.

//

ORDER DENYING USAO'S MOTION TO RECONSIDER - 1

The Court's authority to exclude Mr. Beaudry as a trial witness, whether characterized as the enforcement of its August 28, 2012 Order, ECF No. 35, or as a sanction for the USAO's non-compliance with that Order, falls soundly within the Court's discretion. *See United States v. W.R. Grace*, 526 F.3d 499, 514-516 (9th Cir. 2008). The Ninth Circuit has unequivocally upheld the authority of a district court "to manage its docket in enforcing a valid pretrial discovery order," particularly in the context of excluding witnesses for untimely disclosure in violation of a case management order. *Id.* at 516. The USAO relies on 18 U.S.C. § 3500 in contending that Defendant's right to due process was not violated, suggesting that the disclosure of Mr. Beaudry to Defendant was sufficiently before trial to be "useful." However, this argument misses the mark. The Court's decision to exclude Mr. Beaudry was not based on a violation of Defendant's right to due process but rather the USAO's unjustified violation of the Court's pretrial discovery order.

Turning to the instant motion for reconsideration, the Court still finds no justification to reverse its prior ruling. The USAO asserts that it made "several unsuccessful attempts" to identify and contact Mr. Beaudry, and that its efforts were hampered by witnesses who provided false information. The USAO indicates that "[o]nce the true identity [of Mr. Beaudry] was determined, time was needed to contact [him] and arrange for his appearance to confirm he was actually the person [being sought]." ECF No. 209, at 2-3. These assertions lack detail. At a bare minimum, the Court cannot determine how or when the USAO learned of Mr. Beaudry's true identity, much less

the nature and extent of its unsuccessful efforts to do so prior to the witness-disclosure deadline.  Based on the submitted materials, the Court cannot find good cause to excuse the USAO's failure to comply with that deadline.  For that reason, the USAO's Motion to Reconsider, **ECF No. 209**, is **DENIED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of February 2013.

<pre>
                        s/Edward F. Shea
                         EDWARD F. SHEA
                Senior United States District Judge
</pre>

Q:\EFS\Criminal\2011\184.reconsider.deny.lc2.docx

ORDER DENYING USAO'S MOTION TO RECONSIDER - 3